# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 14, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| EDWARD MITCHELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-749V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Michael A. Firestone</u>, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.
<u>Lisa A. Watts</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 30, 2020, Edward Mitchell ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 59). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$72,887.16**.

I.   **Procedural History**

On June 24, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the tetanus, diphtheria, acellular-pertussis, measles, mumps, and rubella, the inactivated poliovirus, and the Twinrix (combined hepatitis A and B) vaccines on July 3, 2013, he suffered Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy. *See* Petition (ECF No. 1). On September 24, 2019, the parties filed

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 52).

On March 30, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $70,018.06, representing $37,352.97 in attorneys' fees and $32,665.09 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has personally incurred costs of $2,900.00 in pursuit of his claim. *Id.* Respondent reacted to the fees motion on April 8, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 59). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of his counsel, Mr. Michael Firestone: $260.00 per hour for work performed in 2015, $269.62 per hour for work performed in 2016, $279.60 per hour for work performed in 2017, $289.39 per hour for work performed in 2018, $300.10 per hour for work performed in 2019, and $311.20 per hour for work performed in 2020. These rates are reasonable and consistent with what Mr. Firestone has previously been awarded for his Vaccine Program work.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$37,352.97**.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $32,665.09. This amount is comprised of acquiring medical records, postage, travel expenses, and expert fees, including a life care planner, a vocational expert, an economist, and petitioner's medical expert Dr. Richard Lewis. Fees App. at 1. Petitioner has provided adequate documentation supporting these costs and all appear to be reasonable in the undersigned's experience.[3]

Requiring reduction is the cost of photocopies. Petitioner states that counsel charged $0.50 per page for all photocopies made with the firm's office copier, and that a total of 103 copies were made this way. However, the Vaccine Program has consistently awarded $0.20 per page as a reasonable amount for in-house photocopying. *See Haynes v. Sec'y of Health & Human Servs.*, No. 17-365V, 2020 WL 2500131, at *3 (Fed. Cl. Spec. Mstr. Apr. 21, 2020). Application of a $0.20/per page rate results in a reduction of $30.90.

Petitioner is therefore awarded final attorneys' costs of $32,634.19.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs of $2,900.00, comprised of the Court's filing fee and a retainer for an expert. Fees App. at 63. I find these costs to be reasonable and they shall be awarded in full.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $37,352.97 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$37,352.97** |
| | |
| Attorneys' Costs Requested | $32,665.09 |
| (Reduction of Costs) | - ($30.90) |
| **Total Attorneys' Costs Awarded** | **$32,634.19** |
| | |
| **Total Attorneys' Fees and Costs** | **$69,987.16** |
| | |
| **Petitioner's Costs** | **$2,900.00** |
| | |
| **Total Amount Awarded** | **$72,887.16** |

---

[3] In finding the expert costs reasonable, I am not making a specific ruling that any of the hourly rates billed by these experts is reasonable in all cases, but rather that they are reasonable for the work performed in the instant case. I reserve the right to assess the hourly rates of these experts in future cases in light of their work product in those cases.

**Accordingly, I award the following:**

1) **a lump sum in the amount of $69,987.16, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Michael Firestone[4]; and**

2) **a lump sum in the amount of $2,900.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

          **/s/Thomas L. Gowen**
          Thomas L. Gowen
          Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).